Good morning, Your Honor. My name is Christine Dahl. I am an Assistant Federal Defender and I was appointed to represent Mr. Johnston in the District Court. I would like to reserve two minutes for rebuttal. We agree with the State's contention that the courts holding in Washington v. Lampert that waivers of post-conviction remedies are void. The question for this case is how Washington applies. We disagree with the State's analysis of the remedy. Once the court determines that a criminal defendant in capital proceedings cannot be required to waive as a condition of plea negotiations his right to bring post-conviction or a collateral challenge against his lawyers, the next question is what do you do with the plea agreement that the State has secured that does just that. In the proceedings below in the State court, the State enforced the plea agreement against Mr. Johnston and precluded him from developing any of the facts to support the allegations he filed for post-conviction relief. We think that I read the briefs and I looked to see what additional facts you would attempt to develop if you were given the opportunity to do so. What would they be? Well, in this Other than the, you state the obvious, there was an inherent conflict as you put it. In this case, Mr. Johnston would have an evidentiary hearing that he's never had before to explore the unequal charge bargaining that the State engaged in when it promised him as part of the, to induce him to sign the plea agreement that he would receive a better sentence than his co-defendant who is more culpable. Mr. Selders had actually lied to the State about his activities and put the blame initially on Mr. Johnston. When that deception was revealed, Mr. Johnston had already been sentenced and it ended up that the more culpable of the two individuals received a dramatically lower sentence. But at the district court level, when the State claimed waiver, the only thing I can tell that was argued as opposed to waiver was the question of conflict of interest. Yes, Your Honor. The only That's all that was argued. The only You shouldn't do it because of conflict of interest. So the procedural posture of the claims in this case is the affirmative defense raised by the State that Mr. Johnston shouldn't get to litigate his claims because he gave up that right. Never mind. When they made that, when they did that, you said, well, the only reason is conflict of interest. And that's what the district court decided. I wonder how you can now raise other claims before us as the reasons why the plea isn't binding. I understand that one can make IAC claims that the plea is not binding, but it looks to me like the only argument you made was conflict of interest, an argument, by the way, that was never made in the State court. Respectfully, Your Honor, I disagree. I believe that the arguments that we made here and in the district court are substantially the same as the arguments that Mr. Johnston made in attempting to defeat the State's assertion that the waiver barred him from litigating the claims. We're not raising new claims in this court. I'm discussing what the appropriate remedy is if you find, as you must under the Washington analysis, that a material portion of the plea agreement is invalid. The difficulty, if you take Washington too boldly, it looks like it's something brand new. But it's not. It seems to me one could always argue that if the whole plea agreement falls due to ineffective assistance, then, of course, the waiver falls along with it. That's always been available. There's nothing new and magic about that. So that was always there. And Washington dealt with that sort of problem. But the point is, conflict of interest is the argument that was made to the district court as a reason for the waiver, not General IAC. I don't quite see how we now would go back into the General IAC when the district court never did. If we did, of course, the State courts did rule on the IAC, per se. Your Honor, respectfully, I disagree with that analysis of the record. First, the IAC claims were foreclosed by the waiver. And although I agree that there's nothing novel about the proposition that one should be permitted to challenge the nature of the representation one receives when entering into an agreement, the Oregon courts found to the contrary. And they enforced the agreement against Mr. Johnston and did not allow him to develop any claims on their substantive merits. So the question here now is, once you have reviewed the plea agreement and found it contains an unenforceable provision, do you undo the entire package and restore the parties to the status quo ante? Or do you excise that provision, let the plea agreement stand, but yet … His claims were that his lawyers did not effectively negotiate the best possible deal and that the State misled him into believing that he was getting the best possible deal. He agreed to assist the State in the prosecution of his co-defendant and was told that he was going to get a lesser sentence. He got two consecutive life sentences. His co-defendant got 10 years, two consecutive 10-year terms. So what are the facts that you want to develop in the district court that would support that? That argument, that statement is in your briefs, but I'm curious, what are the facts? The facts would be testimony from the lawyers, material regarding, you know, you could say evidentiary material from the correspondence between the prosecutor and the lawyers that talk about the essential terms of the agreements, how the agreement unfolded, how much time was spent with Mr. Johnston to explain what promises were made to him and whether his lawyers could have achieved a better result for him if they had, for instance, delayed sentencing in Mr. Johnston's case until the problems associated with prosecuting Mr. Selders had been settled. The district court did not allow Mr. Johnston to develop any of his claims, either through briefing or evidentiary support, because the entire case rose and fell on the validity of the plea agreement, which expressly prohibits Mr. Johnston from litigating any kinds of claims, including ineffective assistance of counsel claims. Now, Mr. Johnston's case is different than Mr. Washington's because he did allege a variety of due process claims against the state in how the plea negotiations were conducted, and he also raised a claim against his appellate counsel. I think that appeal waivers present an entirely different issue, although somewhat related, and we're not arguing that he was not permitted to waive appeal. Do you wish to save some time for a rebuttal? Yes, Your Honor. I was just going to do that. Thank you. Thank you. May it please the Court, I'm Jennifer Lloyd, representing Superintendent Hill. This is not a case in which the petitioner was precluded from litigating the validity of his waiver of post-conviction rights. The state in the post-conviction proceeding moved for summary judgment, saying that the waiver on its face was binding and conclusive, and he wouldn't, he should not be permitted to litigate the validity of the waiver. The state post-conviction court disagreed and actually allowed him to. The only evidence in the record as to support his claims, however, is his affidavit offered in the state post-conviction proceeding. It's at Excerpt of Record 271, and in that affidavit, he made conclusory claims that the waiver of his post-conviction rights was a product of duress and misrepresentation, the waiver of his rights was not voluntarily and understandingly made, and that he didn't know what post-conviction relief was. He made the statement at number 8 in, on his affidavit at 272. He made the statement, when I entered my plea, I was under the impression it was exactly like my codependence. It was not. But he did not explain how that rendered his decision to accept this favorable deal involuntary. There's nothing in this record that suggests that he was precluded from offering more evidence to support his claims. The post-conviction court looked at that evidence, concluded that when compared with the whole of the record in the trial court, that his statements at the time he entered this deal, which, again, got him the lightest sentence that he possibly could have received on convictions of aggravated murder, that his post hoc claims that his plea was not voluntary was simply not credible. And so this isn't a situation where the petitioner was precluded from making any sort of record. I don't think there's anything in the record that suggests that he couldn't have offered more evidence if he had it. The evidence that he chose to offer, however, was not persuasive to the State Court, and I think that is conclusive. The legal issue or the legal argument that there was an actual conflict or that there was necessarily a conflict of interest between the petitioner and his counsel simply fails under Washington. The only thing that remains is whether the post-conviction court's determination that petitioner's waiver was valid or was voluntarily entered is whether that decision was patently unreasonable or was an unreasonable application of clearly established United States Supreme Court law. The record shows that petitioner was aware of the conditions of the plea agreement. The plea agreement is in the excerpt of record and expressly sets forth that he was agreeing to waive collateral remedies. And there's simply no basis to say that he should be relieved from his obligations under this agreement simply because there's one part of it that this Court has held, well, that can't be held to preclude him from making certain challenges. He was permitted to make those challenges in this case. He failed to obtain relief, but that should not relieve him from the other obligations under this agreement. There's no authority for that. Unless the Court has questions, I'm not sure I have anything to add to my brief. Thank you. Roberts. I wanted to reiterate that Washington stands for the proposition that the waiver of post-conviction claims of ineffectiveness is unenforceable. It doesn't matter what the defendant's subjective understanding of his waiver is. He's simply not allowed to give up those rights because of the policies inherent in the criminal justice system and our system that allows, reserves the federal court the final review of state court convictions. Here, although the state post-conviction court denied the motion for summary judgment, the result was the same. The waiver was enforced against Mr. Johnson. Well, but, you know, the state post-conviction court held a trial, and I don't believe Mr. Johnson testified at that. I believe he testified by affidavit. By affidavit. He had his affidavit. He didn't personally take the stand. Yeah. That's correct. But there was an evidentiary hearing in the state post-conviction court. There was a hearing on the question of whether he would get to litigate his claims. It was not on the claims themselves. It was on the validity of the waiver of the claims, the antecedent question. Well, it was with respect to IAC on the waiver, on the plea agreement. Yes, Your Honor. And that goes to the validity of the waiver, which was enforced against him. In fact, the courthouse door was closed on him. When the state says that he got the lowest possible sentence, that's correct for, and I see my time is up. If I may complete my answer. Just finish your comment. The state engaged in charge bargaining in this criminal episode, and so it's not accurate to say that he got the lightest possible sentence. He could have gotten a lower offense to plead to. Thank you, Your Honor. Okay. Thank you. The matter will be submitted.
judges: Fernandez, Tashima, Paez